UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KAREN BRIGGS, individually and as
personal representative of the ESTATE
OF CHRISTOPHER A. NEUMANN,

    Plaintiff,

v.                                Case No. 1:16-CV-1197

NATIONAL UNION FIRE INSURANCE       HON. GORDON J. QUIST
COMPANY OF PITTSBURGH, PA, et al.,

    Defendants.
_____/

## OPINION

Plaintiff sued Defendants alleging various claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., including a claim for denial of benefits, claims for equitable relief, and a claim for civil penalties. Defendants filed motions to dismiss various counts. (ECF Nos. 10, 13.) In response, Plaintiff filed a First Amended Complaint. (ECF No. 22.) Defendants again moved to dismiss. (ECF Nos. 25, 28.) The motions are fully briefed and ready for decision.[1]

For the following reasons, the Court will grant Defendants' motions in part.

### I. BACKGROUND

#### A. Parties

Plaintiff, Karen Briggs, is the mother of Christopher Neumann, the personal representative of Neumann's estate, and a beneficiary of a group AD&D policy Neumann obtained through his

---

[1] Defendant National Union requested oral argument on the motion. However, the motion has been fully briefed, and the Court believes oral argument to be unnecessary. W.D.Mich. LCivR 7.2(d).

employer, Weber Shandwick. Neumann enrolled in the AD&D policy in October 2011, which provided for $1 million in coverage for his beneficiaries, and an additional $600,000 in coverage for his dependent, Todd Glenn Lloyd.

Defendant Interpublic Group of Companies, Inc. Welfare Benefit Plan (Interpublic Plan) is a welfare benefit plan administered under ERISA. Defendant Interpublic Group of Companies, Inc. (IPG) owns and operates Weber Shandwick. IPG also funded the Interpublic Plan with an accidental death and dismemberment insurance policy purchased from Defendant National Union Fire Insurance Company of Pittsburgh.

### B. Plan Documents and Provision

The plan contains the following provision regarding who is a plan administrator:

> 8.1 Plan Administrator
> [IPG] shall be the Plan Administrator unless [IPG] designates another person or entity to serve as Plan Administrator for one or more Benefit Options, or for the Plan as a whole, in addition to or in lieu of [IPG] in accordance with Section 8.5. Except as provided in Section 8.4 (Claims Administrator's Duties), [IPG] and any other person designated by [IPG] shall be the "named fiduciary" for purposes of ERISA. Notwithstanding the foregoing, for insured Benefit Options, any Insurance Company…issuing an Insurance Policy…or other Incorporated Document shall be responsible with respect to the matters for which it is made responsible (including fiduciary obligations) under such Insurance Policy…Incorporated Document and with respect to such matters, shall be treated as the Plan Administrator and named fiduciary.

(ECF No. 29-1 at PageID.450.) The AD&D policy provides that National Union "will provide certificates of insurance for delivery to each Insured describing the coverage provided, any limitations, reductions, and exclusions applicable to the coverage, and to whom benefits will be paid." (ECF No. 31-1 at PageID.496.)

The AD&D policy excludes from coverage, deaths from a number of accidental causes, including:

2

travel or flight in or on (including getting in or out of, or on or off of) any vehicle used for aerial navigation, other than as a fare-paying passenger on a scheduled or charter flight operated by a scheduled airline whether as a passenger, pilot, operator or crew member, unless specifically provided by this Policy.

(ECF No. 31-1 at PageID.494.)

Plaintiff claims that neither she nor Neumann was given any of the relevant plan documents, and instead were provided only the Benefits Guide. The Benefits Guide provided minimal details of the coverage and did not mention any exclusion. (ECF No. 22 at PageID.326-27.) The Benefits Guide contains a disclaimer on the last page, providing:

> This Benefits Guide provides a general description of the various benefit plans offered by The Interpublic Group of Companies, Inc. ("the Company") to its employees and employees of participating units in 2011. This Benefits Guide is provided to assist you in making elections during enrollment for the 2011 plan year. The information in this Benefits Guide is subject to and qualified by the terms and conditions contained in the official plan documents, including summary plan descriptions, for the plans that provide the benefits listed in this Benefits Guide. This Benefits Guide is not an official plan document or summary plan description for the benefit plans. Although the Company intends to continue the benefit plans indefinitely, the Company reserves the right to change, amend or terminate any of the benefit plans at any time. For more information about the benefit plans, please contact your local Benefits Administrator.

(*Id.* at PageID.338.)

### C. Claim for Benefits

Neumann and Lloyd were killed in a plane crash in January of 2014. Plaintiff submitted a claim for AD&D benefits to all three defendants through National Union's claim administrator, AIG Claims Services of Shawnee, Kansas. AIG denied AD&D benefits and notified Plaintiff of rights to appeal. Before appealing, Plaintiff requested from the Interpublic Plan and National Union (through AIG) copies of the ERISA plan documents, including the Summary Plan Description, and the policies insuring the Plan.

IPG did not respond to the requests or supply any documents to Plaintiff. AIG produced the Benefits Guide, which it identified as a Summary Plan Description. AIG issued a final denial of benefits under the terms of the AD&D policy in February 2016. Plaintiff made a second request for documents in April 2016, and IPG again failed to produce any document other than the Benefits Guide.

Plaintiffs sued, alleging various claims under ERISA. Count I is a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges that National Union wrongfully denied Plaintiff benefits owed under the policy and that National Union should be estopped from applying any of the exclusions under its policy because National Union knew of and failed to disclose the exclusions on which it relies. (ECF No. 22 at PageID.285-87.) Count II is a claim for benefits against the Interpublic Plan, and makes essentially the same allegations as Count I.

Count III seeks reformation of the Interpublic Plan under 29 U.S.C. § 1132(a)(3) to conform with the representations made in the Benefits Guide.

Count IV seeks equitable relief, including a surcharge, against National Union for breach of fiduciary duty under § 1132(a)(3). Count V seeks the same relief against IPG.

Count VI is a claim for civil penalties against IPG pursuant to 29 U.S.C. § 1132(c)(1)(B) for IPG's failure to produce a Summary Plan Description.

## II. MOTION STANDARD

"Following *Twombly* and *Iqbal*, it is well settled that 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). That is, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)). "Plausibility is not the same as probability, but rather 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Napolitano*, 648 F.3d at 369 (quoting *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949).

### III. DISCUSSION

#### A. Interpublic Defendants

1. Claim for Benefits

Both Interpublic Defendants move to dismiss Count II, arguing that they are not the proper defendants under § 1132(a)(1)(B) because they had no authority to administer claims for benefits. (ECF No. 27 at PageID.396.) Plaintiff argues that the "actual defendant to the benefit claim is the Interpublic Plan," and the Plan is a proper defendant because, under 29 U.S.C. § 1132(d)(1), employee benefit plans may sue or be sued under ERISA. (ECF No. 36 at PageID.615-16.) In response, the Plan argues that § 1132(d)(1) is merely permissive: plans are not proper defendants in claims for benefits simply by virtue of the fact that they may sue or be sued under ERISA, and that Sixth Circuit precedent establishes that plan administrators are exclusive proper defendants. (ECF No. 39 at PageID.697-98.)

The Sixth Circuit has held that "the proper defendant in an ERISA action concerning benefits is the plan administrator." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 522 (6th Cir. 2010) (citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988)). But the Sixth Circuit has also implicitly recognized that plans are proper party defendants, and district courts have followed their lead. *See, e.g., Sullivan v. Cap Gemini Ernst & Young U.S.*, 573 F. Supp. 2d 1009, 1017 (N.D. Ohio 2008) (collecting cases). Other circuits have made the recognition explicit. *See,*

5

*e.g., Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004) (citing *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2001)).

The Interpublic Plan is a proper party defendant and will not be dismissed.

2. <u>Claims for Equitable Relief</u>[2]

Count III seeks reformation of the terms of the Interpublic Plan "to conform strictly to the terms contained in the Benefits Guide furnished to Mr. Neumann." (ECF No. 22 at PageID.289.) Plaintiff alleges that "the information provided in the Benefits Guide [was] false or misleading, and Mr. Neumann's reliance on those terms was consequently induced by mistake or fraud perpetrated by Interpublic Plan and its fiduciaries," because the Benefits Guide did not enumerate the exclusion upon which Defendants rely. (*Id.* at PageID.288.)

In Count V, Plaintiff appears to advance two theories of breach of fiduciary duty. The first is that IPG "never disclosed in an SPD or the Benefits Guide that the Interpublic Plan or its funding mechanism contained any exclusion that severely limited or defeated coverage for some types of accidents most likely to result in death." (ECF No. 22 at PageID.296.) The second theory is that IPG failed to properly and completely fund the Interpublic Plan by "purchasing the National Union

---

[2]Both the Interpublic Defendants and National Union raise a "repackaging" defense. "Impermissible repackaging is implicated whenever, in addition to the particular adequate remedy provided by Congress, a duplicative or redundant remedy is pursued to redress the same injury." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 373 (6th Cir. 2015). "[T]he availability of relief under § [1132](a)(3) is contingent on a showing that the claimant could not avail himself or herself of an adequate remedy pursuant to § [1132](a)(1)(B)." *Id.* at 372-73 (citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998)).

The repackaging defense is all the more complicated by the fact that Plaintiff alleges equitable estoppel in her claims for benefits. There is an open question of how equitable estoppel claims interact with the repackaging defense. The Sixth Circuit has, on two occasions, "declined to 'wade too deeply into the morass' of whether the plaintiff properly sought to recover under § 1132(a)(1)(B) and estop the defendant from deviating from its misrepresentation to the plaintiff, or sought equitable estoppel under § 1132(a)(3) for breach of fiduciary duty." *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 (6th Cir. 2007) (quoting *Julia v. Bridgestone/Firestone, Inc.*, 101 F. App'x 27, 31 (6th Cir. 2004)).

The Court need not address these issue because it has concluded that Plaintiff has failed to state a claim under § 1132(a)(3).

Fire policy…when the exclusions contained in the National Union Fire policy were insufficient to cover losses identified as covered in the Benefits Guide." (*Id.* at PageID.296-97.)

Section 1132(a)(3) claims have three elements: "(1) that the defendant was acting in a fiduciary capacity when it made the challenged representations; (2) that these [representations] constituted material misrepresentations; and (3) that the plaintiff relied on those misrepresentations to [his or her] detriment." *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 449 (6th Cir. 2002) (citing *Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 122, 126 (2d Cir. 1997)). Assuming that the Interpublic Defendants could be considered a fiduciary, Plaintiff has failed to adequately allege a material misrepresentation and reliance.

"A misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision." *James*, 305 F.3d at 449 (quoting *Fischer v. Phila. Elec. Co.*, 994 F.2d 130, 135 (3d Cir. 1993)). The Interpublic Defendants argue that "[n]o reasonable person reading the Benefits Guide could conclude that this one sentence, without any definitions or exclusions, represented a promise to pay benefits without restrictions." (*Id.* at PageID.408.)

Plaintiff argues that IPG misrepresented the coverage by "failing to disclose terms that could completely defeat coverage in a whole class of accidental deaths and instead providing Mr. Neumann with false information regarding his coverage." (ECF No. 36 at PageID.625.) Plaintiff further argues that "[b]ecause the Benefits Guide was the only information regarding coverage provided to him, it is a reasonable inference that Mr. Neumann was induced to rely on the representations of the Benefits Guide when he purchased the AD&D coverage." (ECF No. 36 at PageID.627.)

7

But the Benefits Guide contains explicit language stipulating that it is *not* a summary plan description, and that

> The information in this Benefits Guide is *subject to and qualified by the terms and conditions contained in the official plan documents*, including summary plan descriptions, for the plans that provide the benefits listed in this Benefits Guide. *This Benefits Guide is not an official plan document or summary plan description* for the benefit plans.

(ECF No. 22 at PageID.338.) (emphasis added). No reasonable employee would be misled into believing that the Benefits Guide represented the terms and conditions of a policy when it explicitly states otherwise.[3] *Cf. Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 473 (6th Cir. 2011) ("Given Oppenheimer's warning to Ashland that it should read and understand the ARS offering statements before purchasing the securities, its failure to do so renders any reliance upon Oppenheimer's vague oral assurances unreasonable.").

## B. National Union

National Union moves to dismiss Count IV, which seeks equitable relief, including a surcharge, against National Union for breach of fiduciary duty under § 1132(a)(3). Plaintiff alleges that "National Union Fire breached its fiduciary duty by failing to disclose information regarding its coverage to Mr. Neumann, thereby inducing Mr. Neumann to rely on the representations of the

---

[3]In a notice of supplemental authority, Briggs argues that the Sixth Circuit's recent unpublished decision in *Van Loo v. Cajun Operating Co.*, __ F. App'x __, 2017 WL 3034275 (6th Cir. July 18, 2017), supports her argument that a separate breach of fiduciary duty claim is not prohibited as duplicative of a claim for benefits. *Van Loo*, however, is factually distinguishable. In *Van Loo*, the plaintiff's deceased daughter elected a level of life insurance benefits that required an evidence-of-insurability form. The defendant accepted the decedent's insurance premiums for several years, but did not require the decedent to submit the required form. The Sixth Circuit found that the defendant's misrepresentation of the decedent's coverage level could form the basis for a breach of fiduciary duty claim and that the decedent's reliance on the defendant's representations was reasonable. Here, Plaintiff's claim is that IPG failed to disclose terms that could defeat coverage, but the Benefits Guide warned participants that the Benefits Guide was not an official Plan document and that they should consult the official Plan documents for terms and conditions that might affect coverage. Thus, any reliance solely on the Benefits Guide would have been unreasonable.

Benefits Guide rather than seeking alternative coverage that would provide benefits now claimed to be excluded by National Union Fire." (*Id*. at PageID.291.)

This claim fails for the same reason the § 1132(a)(3) claims failed against the Interpublic Defendants: no reasonable employee would be misled by the representations made in the Benefits Guide.

### IV. CONCLUSION

For the foregoing reasons,

Count II will be dismissed against IPG, but not against the Interpublic Plan;

Counts III and V will be dismissed against IPG and the Interpublic Plan for failure to state a claim; and

Count IV will be dismissed against National Union for failure to state a claim.

A separate order will enter.


Dated:  August 8, 2017                                   /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE