UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN BRIGGS, individually and
as personal representative of the
ESTATE OF CHRISTOPHER A.
NEUMANN,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, et al.,

    Defendants.
_____/

Case No. 1:16-CV-1197

HON. GORDON J. QUIST

## **OPINION**

Plaintiff, Karen Briggs, sued Defendants alleging various claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Briggs is the mother of decedent Christopher Neumann, as well as the personal representative of his estate, and a beneficiary of a group Accidental Death and Dismemberment (AD&D) policy that Neumann obtained through his employer, Weber Shandwick. Weber Shandwick is a subsidiary of Defendant Interpublic Group of Companies, Inc. (IPG). Briggs also sued the IPG Welfare Benefit Plan (the Plan) and National Union Fire Insurance Company of Pittsburgh (National Union), which provided the AD&D policy.

On August 8, 2017, the Court issued an opinion and order regarding the Defendants' motions to dismiss. The Court granted the motions in part, dismissing Count II against IPG but not the Plan, Counts III and V against IPG and the Plan, and Count IV against National Union. (ECF No. 45.) The Court dismissed Briggs' claims for equitable relief because Briggs could not

show that Defendants IPG and National Union misrepresented terms of the insurance plan. Briggs argued that the Benefits Guide was a misrepresentation because it failed to disclose terms that could defeat coverage, and that Neumann only received the Benefits Guide and no other documents regarding the Accidental Death and Dismemberment (AD&D) policy coverage. The Court rejected this argument because the Benefits Guide contains explicit language stating that it was not an official plan document or summary plan description. Briggs' remaining claims are as follows:

> Count I against National Union: for benefits under 29 U.S.C. § 1132(a)(1)(B);
>
> Count II against the Plan: for benefits under 29 U.S.C. § 1132(a)(1)(B);
>
> Count IV against IPG: for civil penalties under 29 U.S.C. § 1132(c)(1)(B).

Briggs and National Union filed motions for judgment on the administrative record (ECF Nos. 65 & 61), and IPG and the Plan filed a motion for summary judgment. (ECF No. 62.) The motions are fully briefed. On June 28, 2018, the Court heard oral argument on the parties' motions.

## **DISCUSSION**

**A) Claim for Benefits**

Briggs seeks benefits from either NUFIC or the Plan under 29 U.S.C. § 1132(a)(1)(B). It is undisputed that the benefits that Briggs seeks are expressly excluded by the AD&D policy. The Court previously held that "[n]o reasonable employee would be misled into believing that the Benefits Guide represented the terms and conditions of a policy when it explicitly states otherwise." *Briggs v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:16-CV-1197, 2017 WL 3392765, at *4 (W.D. Mich. Aug. 8, 2017). National Union and the Plan's alleged failure to disclose the full policy provisions does not entitle Briggs to a substantive award for benefits. *See, e.g.*, *Lewandowski v. Occidental Chem. Corp.,* 986 F.2d 1006, 1009 (6th Cir.1993); *Schornhorst*

2

*v. Ford Motor Co.*, 606 F. Supp. 2d 658, 668 (E.D. Mich. 2009). Therefore, even under *de novo* review[1], Briggs' claim for benefits is untenable. Briggs has not shown that the Benefits Guide should serve as the operative insurance plan.

The Sixth Circuit's recent decision in *Pearce v. Chrysler Group LLC Pension Plan*, --- F.3d ---, 615 F. App'x 342 (6th Cir. June 20, 2018), is unavailing. The instant facts are distinguishable from those in *Pearce*—the plaintiff in *Pearce* chose to reject a buy-out offer due to his reliance on the Summary Plan Description (SPD) plus conversations he had with Chrysler personnel, only to be denied benefits he thought he was entitled. Furthermore, Pearce's claim went forward to determine whether he was entitled to equitable relief pursuant to 29 U.S.C. § 1132(a)(3). Here, Briggs did not rely upon the Benefits Guide in making a choice as in *Pearce*— her son, Christopher Neumann, died, and she is seeking benefits. Briggs has not presented any admissible evidence that her son would not have purchased the AD&D policy if he knew it excluded death benefits when the death occurs from the crash of a private airplane.. In the absence of any admissible evidence as to what the deceased, Neumann, said was on his mind when he purchased the policy, Briggs' testimony, and any statements about the decedent's thoughts, intentions, and decisions regarding the AD&D policy are speculative.

The Supreme Court has also emphasized looking to the plan itself, not summary plan descriptions—making summaries enforceable "might bring about complexity that would defeat the fundamental purpose of the summaries," *i.e.*, to provide clear, simple, comprehensible, and general descriptions of a plan. *CIGNA Corp. v. Amara*, 563 U.S. 421, 436–38, 131 S. Ct. 1866, 1877–78 (2011); *see also Pearce*, 615 F. App'x at 346 (applying the explicit terms of the plan for claim under ERISA § 502(a)(1)(b), and citing *CIGNA*, 563 U.S. at 438, 131 S. Ct. at 1878).

---

[1] The parties presented arguments regarding the standard of review; as noted, the Court need not reach the issue as the result is the same regardless of the standard of review used.

3

In *Candeub v. Blue Cross Blue Shield of Michigan*, 577 F. Supp. 2d 918 (W.D. Mich. 2006), another judge in this district observed that "[t]he massive weight of authority, then, is that insurance booklets do not qualify as SPDs, unless they contain all or substantially all of the required information under the statute and regulation." *Id.* at 931. Magistrate Judge Scoville rejected the plaintiff's argument that a benefits guide, similar to the Benefits Guide at issue here, qualified as a controlling SPD. The reasoning in *Candeub* is persuasive, and the Benefits Guide is not controlling.[2]

**B) Civil Penalties**

Briggs seeks civil penalties and attorney's costs and fees under 29 U.S.C. § 1132(c)(1)(B) against IPG. 29 U.S.C. § 1132(c)(1)(B) allows courts to impose a penalty of up to $110 per day for each day that an ERISA Plan Administrator fails to provide ERISA plan instruments. "Sanctions under Section 1132(c) are not automatically awarded. . . . Although the showing of prejudice is not an explicit statutory prerequisite to the imposition of sanctions under Section 1132(c), courts generally do not favor imposing a penalty where a plaintiff makes no showing of prejudice." *Guzy v. Ameritech Corp.*, 50 F. Supp. 2d 706, 715 (E.D. Mich. 1999) (internal quotation marks and citations omitted). "Many courts have refused to impose any penalty at all under § 1132(c)(1)(B) in the absence of a showing of prejudice or bad faith." *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1068–69 (6th Cir. 1994).

This Court previously denied penalties in a case where the plaintiff did not explain how it was prejudiced, and there was no indication that the defendant would have taken any different position with regard to the plaintiff's claim. *Spectrum Health v. Valley Truck Parts*, No. 1:07-CV-1091, 2008 WL 5273627, at *5 (W.D. Mich. Dec. 17, 2008). IPG freely admitted that it made a

---

[2] Briggs did not file a motion for reconsideration of the Court's prior opinion and order, but stated at oral argument that she would like to "resurrect" the argument that the Benefits Guide could control under ERISA § 502(a)(3).

4

mistake handling Briggs' documents requests.  However, Briggs has not shown that she was prejudiced, and there is no indication that the other Defendants would have taken any different position with regard to Briggs' claim for benefits if she had received the full AD&D policy sooner.[3]  Therefore, Briggs is not entitled to penalties or attorney's fees and costs.

## **CONCLUSION**

Briggs has not shown that she is entitled to benefits from National Union or the Plan or civil penalties, fees, and costs from IPG.  Accordingly, the Court will enter judgment in favor of Defendants and against Briggs.

A separate judgment will issue.

Dated: July 6, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[3] The specific date as to when Briggs first received the AD&D policy is in dispute.  However, the Court need not resolve this dispute in light of its decision on the ultimate issue, *i.e.*, that Briggs is not entitled to civil penalties, fees, and costs.